# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARILUZ RESENDIZ** | § | |
| | § | |
| | § | |
| **v.** | § | Civil Action No. _ 5:19-cv-881 _ |
| | § | |
| | § | |
| **VERIZON WIRELESS TEXAS, LLC** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARILUZ RESENDIZ, hereinafter referred to as "Plaintiff," or "Ms. Resendiz," bringing this cause of action against Defendant VERIZON WIRELESS TEXAS, LLC. For cause of action, Plaintiff respectfully shows unto the Court the following:

## I.
## PARTIES

1. Plaintiff MARILUZ RESENDIZ is a resident of San Antonio, Texas.

2. Defendant VERIZON WIRELESS TEXAS, LLC is a Georgia LLC. It may be served with process by serving its registered agent, CT Corporation System 1999 Bryan St., Ste. 900, Dallas, TX 75201. A waiver of service has been requested.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claim because Plaintiff has asserted claims arising under federal statutes, Title VII, the ADEA, the ADA, and the Family and Medical Leave Act.

1

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. Venue is proper in the Western District of Texas, San Antonio Division because the events forming the basis of the suit occurred in San Antonio, Texas, within the Western District of Texas Division.

### III.
### MISNOMER/MISIDENTIFICATION

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.
### RESPONDEAT SUPERIOR

7. Employees involved in this cause of action were, at all times described herein, employees of Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

### V.
### FACTUAL BACKGROUND

8. Ms. Resendiz worked for Defendant from March of 2005 until she was terminated in December 2018.

9. Ms. Resendiz worked for Verizon as a Managing Partner-Mobile Solutions at Verizon's San Antonio Texas facility.

10. In January of 2018 Ms. Resendiz utilized benefits under the Family and Medical Leave Act.

11. When she returned to work in June of 2018, following her disability related leave, she was informed that a portion of the territory she was responsible for was going to be taken away from her. The portion that was taken away was the most profitable part.

12. Soon afterwards, Ms. Resendiz was informed that a layoff would be coming. Ms. Resendiz knew that Defendant had a history of targeting older employees, employees with disabilities, and employees who had made complaints when deciding who would be let go as part of a layoff.

13. Upon her return in June, Ms. Resendiz was put on an "action plan" by her manager James Zmich. This action plan required her to have an additional weekly meeting with Zmich on top of the normally scheduled weekly meetings.

14. Ms. Resendiz' peers were not required to have this additional meeting.

15. Ms. Resendiz suffers from a disability, Post Traumatic Stress Disorder (PTSD). Post Traumatic Stress Disorder affects the major life activities of thinking and concentrating.

16. Ms. Resendiz asked if she could have an accommodation of less travel because of her PTSD however, she was told that accommodation was not possible and that her position required the travel.

17. Ms. Resendiz was also told that she would have to work from the Verizon office building daily instead of remotely as she had previously been able.

18. In July/August 2018 Ms. Resendiz found out that her prior position with less travel was open for interview, even though she had been told that position was not available.

19. Although Ms. Resendiz applied for the position, she did not receive it and found out that a white male who was less qualified than Ms. Resendiz was hired for the position instead.

20. Ms. Resendiz sent an email to Human Resources, the CEO of Verizon, and the Vice President of Verizon on September 27, 2018 to let them know she was being discriminated against because of her age, disability, race, and gender.

21. After the complaint, the work environment got hostile towards Ms. Resendiz. Ms. Resendiz's supervisor James Zmich began to decline most of her travel requests when he had not done so before. He also told her she would have to start paying for travel out of her own pocket, another change.

22. Additionally, Human Resources began to contact Ms. Resendiz about severance packages after she made her complaint.

23. Zmich also began to blame Ms. Resendiz for employees not wanting to attend team meetings. The employees were being required to attend meetings not only with Ms. Resendiz but also with Michael Connelly and now had two bosses instead of one following Ms. Resendiz's return from leave.

24. On October 15, 2018, Ms. Resendiz sent another email to Human resources advising them about her manager not approving trial and the other acts taken against her following her first complaint to HR.

25. On October 18, 2018, Ms. Resendiz sent an email to HR asking if she could work remotely due to her PTSD. She did not receive a response.

26. On November 2, 2018, Resendiz met with Human Resources who presented her with a severance package and told her she would now be able to work from home.

27. On November 5, 2018 Ms. Resendiz was on a call with Donna Bonio from HR and James Zmich, HR kept telling Resendiz that if she signed the severance agreement that they could accommodate her but that they would be having a different conversation if she did not. Bonio told Resendiz that she wanted Resendiz's answer and that she was hoping it would be Resendiz's last day.

28. On November 5, 2018, Ms. Resendiz filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

29. On November 15, 2018, Ms. Resendiz was informed that she was being laid off on December 18, 2018.

30. As part of her regular compensation package with Defendant, Ms. Resendiz would receive commissions known as MBOs.

31. Ms. Resendiz was owed $35,000.00 in earned commissions at the time of her termination however, Verizon refused to pay the commissions.

32. Plaintiff's EEOC right to sue letter was issued on April 24, 2019.

### VI. DISABILITY DISCRIMINATION AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT AND TEXAS LABOR CODE

33. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

5

34. Defendant's conduct constitutes discrimination and retaliation under the Americans with Disabilities Act as Amended and the Texas Labor Code §21.001 et. seq. Plaintiff was denied reasonable accommodations under the ADA and Defendant refused to engage in the interactive process to find accommodations in violation of the ADA.

35. Defendant made Plaintiff's work environment hostile following her complaints about disability discrimination.

36. Defendant also took the adverse employment action of terminating Plaintiff only 49 days after her complaints of discrimination and only 10 days after she filed her EEOC charge of discrimination.

### VII. AGE DISCRIMINATION AND RETALIATION UNDER THE AGE DISCRMINATION IN EMPLOYMENT ACT AND THE TEXAS LABOR CODE

37. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

38. Defendant's conduct constitutes discrimination and retaliation under the Age Discrimination in Employment Act and the Texas Labor Code §21.001 et. seq.

39. Defendant's layoff practices are part of a pattern and practice of laying off older workers.

40. Plaintiff and others were specifically targeted for layoff because of age.

41. Defendant made Plaintiff's work environment hostile following her complaints about age discrimination.

42. Defendant also took the adverse employment action of terminating Plaintiff only 49 days after her complaints of discrimination and only 10 days after she filed her EEOC charge of discrimination.

## VIII. RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

43. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

44. Defendant's conduct constitutes retaliation in violation of the Family and Medical Leave Act.

45. Following her return from FMLA leave, Plaintiff had profitable territory taken away from her, was put on an action plan, and was subjected to a hostile work environment, all of which affected the terms and conditions of her employment.

46. Defendant then took the adverse employment action of terminating Plaintiff only 5 months after her return from FMLA leave.

## IX. BREACH OF CONTRACT

47. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

48. In this case, there was a valid agreement between Verizon and Resendiz, that Verizon would pay Resendiz commissions. Resendiz performed, but Defendant breached the agreement by not paying Resendiz the commissions, and as a result Resendiz was damaged in the amount of that owed commission.

## X. IN THE ALTERNATIVE TO BREACH OF CONTRACT – QUANTUM MERUIT

49. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

50. Pleading in the alternative, Resendiz seeks to recover from Verizon the amount of the commissions owed, based on claims of quantum merit.

51. In this case Resendiz provided valuable services to Verizon by getting customer to purchase additional Verizon products and services. Verizon accepted Resendiz's services and understood that she was expecting to get commissions in return. However, Verizon did not pay the commissions.

## XI. IN THE ALTERNATIVE TO BREACH OF CONTRACT – PROMISSORY ESTOPPEL

52. Plaintiff incorporates the foregoing paragraphs by reference as if fully stated herein.

53. As an alternative to recovery for Breach of Contract, Resendiz pleads that Verizon should not be relieved of its responsibility based on promissory estoppel. Here, Verizon promised Resendiz commissions, it was foreseeable to Verizon that Resendiz would rely on that promise. Resendiz did in fact rely on that promise, do the work, but she was not paid commissions as promised to her detriment.

## XII.
## ATTORNEY'S FEES

54. It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

   b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c.      An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

    d.      Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

    e.      Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIII.
## DAMAGES

55. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant

    a.      Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable and just;

    b.      All reasonable and necessary costs incurred in pursuit of this suit;

    c.      Compensatory damages for inconvenience and mental aguish caused by Defendant's actions.

    c.      Expert fees as the Court deems appropriate;

    d.      Pre and Post judgment interest as allowed by law;
    e.      Reasonable and necessary attorney's fees.

## XIV.
## JURY DEMAND

56. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XV.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon a final hearing hereof, a judgment be

rendered for Plaintiff and against the Defendants, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff may be justly entitled.

                **Respectfully Submitted,**

                **/s/ *Alan Braun***
                **Adam Poncio**
                **State Bar No. 16109800**
                **salaw@msn.com**
                **Alan Braun**
                **State Bar No. 24054488**
                **abraun@ponciolaw.com**

                **PONCIO LAW OFFICES**
                **A Professional Corporation**
                **5410 Fredericksburg Rd., Suite 310**
                **San Antonio, Texas  78229**
                **Telephone: (210) 212-7979**
                **Facsimile:   (210) 212-5880**

                **ATTORNEYS FOR PLAINTIFF**